UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WEST GURALNICK, et. al.,

Plaintiff,

-against-

TOO LOST LLC,

Defendant.

26-CV-01832 (JHR) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Defendant's letter-motion to stay discovery pending a decision on its motion to dismiss the consolidated class action complaint (ECF 29) is before the Court. (*See* ECF 36.)

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery "for good cause shown." When determining whether discovery should be stayed pending a decision on a motion to dismiss, courts consider the breadth of the discovery being sought and the burden of responding to the discovery requests, the strength of the motion to dismiss, and the prejudice to the party opposing the stay. *See, e.g., Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022); *Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024). The party seeking the stay bears the burden of showing good cause for the stay. *See Psychic Readers Network, Inc. v. A&E Television Networks LLC*, No. 24-CV-8155 (DEH), 2025 WL 1380956, at *1 (S.D.N.Y. May 13, 2025). After reviewing the consolidated complaint (ECF 26), the memorandum in support of the motion to dismiss (ECF 30), the memorandum opposing the motion to dismiss (ECF 33), the reply in further support of the motion to dismiss (ECF 34), the letter-motion for a stay of discovery (ECF 36), and Plaintiffs' response to the letter-motion to

stay discovery (ECF 39), I conclude that Defendant has met its burden of showing that there is good cause for the stay.

The parties have not yet exchanged discovery requests, so it is not clear how broad discovery would be. Defendant notes that "Plaintiffs assert claims on behalf of putative classes arising from an alleged months-long intrusion into [Defendant's] systems," which suggests that Plaintiffs would seek discovery including "documents and communications regarding the Incident itself; information pertaining to [Defendant's] information-security policies, systems, and personnel; and the collection and review of electronically stored information from numerous custodians." (ECF 36, Def.'s Mot. To Stay at 3.) Plaintiffs have not addressed this issue. (*See generally* ECF 39, Pls.' Stay Opp.) Such discovery would be quite broad. Thus, the scope of the anticipated discovery counsels in favor of a stay. *See Richardson,* 2024 WL 2003340, at *1.

The strength of the underlying motion to dismiss also counsels in favor of granting a stay, because the motion is "not unfounded in the law." *See id.* at *2; *see also Spencer Trask Software & Info*. Servs*., LLC v. RPost Int'l Ltd*., 206 F.R.D. 367, 368 (S.D.N.Y. 2002). I do not, by this observation, predict the outcome of the motion. However, Defendant's memorandum of law in support of the motion provides substantial arguments for dismissal of several, if not all, of the claims set out in the consolidated complaint. Those arguments are supported by case law from courts in this Circuit, so I cannot conclude that Defendant's motion is unfounded in the law. Plaintiffs argue that they have plausibly pleaded claims set out in the consolidated complaint. (ECF 39, Pls.' Stay Opp. at 3-4.) It may be the case that some or all the claims set out in the consolidated complaint will survive a motion to dismiss. But "in resolving a motion to

stay discovery, the Court's focus is on whether the defendant makes "a strong showing that the [plaintiffs'] claim[s are] unmeritorious and present[s] substantial arguments for dismissal . . . not whether the arguments will ultimately be successful." *Psychic Readers Network,* 2025 WL 1380956, at *2 (internal quotation marks omitted). Because the motion to dismiss may be dispositive of some or all of Plaintiffs' claims, which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay. *See Richardson,* 2024 WL 2003340, at *2.

Plaintiffs suggest there would be prejudice from a stay because they need discovery "to gather record evidence needed to prosecute their claims effectively." (ECF 39, Pls.' Stay Opp. at 4.) However, such prejudice is present in virtually every case in which a stay is sought. The delay in starting discovery would cause no prejudice "beyond the reasonable delay typical in cases where discovery has been stayed pending resolution of a motion to dismiss." *Psychic Readers Network,* 2025 WL 1380956, at *2. Defendant is obligated to preserve the documents that are relevant to this case, and there is no basis to conclude that Defendant will fail to meet that obligation.

For the foregoing reasons, Defendant's motion to stay discovery is GRANTED. The Clerk of Court is respectfully requested to terminate ECF 36.

DATED: August 12, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**